UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CRIMINAL ACTION NO. 1:03CR-43-M

UNITED STATES OF AMERICA                                                                          PLAINTIFF

V.

RICHARD ALLEN WASHAM                                                                        DEFENDANT

MEMORANDUM OPINION AND ORDER

This matter is before the Court on motions by Defendant, Richard Allen Washam, *pro se,* for release of information on the grand and petit juries in accordance with 28 U. S.C. § 1867 and for dismissal of the indictment due to grand jury composition [DN 200, DN 206]. Washam contends that this Court failed to follow the Jury Selection and Service Act of 1968 ("JSSA"), 28 U.S.C. § 1861, et seq., depriving him of his right to a trial before a jury representing a fair-cross section of the community. Specifically, Defendant seeks a "court order for a detailed list of the racial composition of . . . grand jurors and petit panel jurors for the years . . . 2003-2006" pursuant to 28 U.S.C. § 1867(f). [DN 206]. Additionally, Defendant requests a list of jurors and seeks "to know how may times these listed jurors have been called for jury service within the last two years (2005-2006)." Id. Defendant argues that there is a long-standing policy in the Western District of Kentucky to have inadequate representation of minorities in the grand and petit jury panels. As a result, Defendant moves for a "court order be entered into [the] record for dismissal of the indictment due to grand jury composition, with prejudice." Id.

The JSSA guarantees "the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes.'" United States v. Fantroy, 146 Fed. Appx. 808, 813 (6th Cir. August 30, 2005) (quoting 28 U.S.C. § 1861; United States v. Ovalle, 136 F.3d 1092, 1099 (6th Cir. 1998)).  The JSSA provides that "before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury." 28 U.S.C. § 1867(a).  The statute further provides that § 1867 is the exclusive means by which a defendant may raise such a challenge. 28 U.S.C. § 1867(e); United States v. Johnson, 40 Fed. Appx. 93 (6th Cir. June 27, 2002). Defendant raises this challenge under the JSSA beyond the time limitations contained in the statute.  Defendant's current § 1867 motions were filed five months after his jury trial. Accordingly, the Court finds that Defendant's claims under the JSSA are time-barred.[1]

The Court acknowledges that at trial Defense counsel sought a change of venue and selection of a new panel due the lack of minorities on the petit jury panel.  (Trial Transcript Volume 1 at 32-37, 125-127.)   The record reflects that an African American woman had been called to be a juror in this matter.  However, prior to trial, she notified the Court that

---

[1]Further, Defendant also failed to submit a sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of the Act. See 28 U.S.C. § 1867(d).

because of family problems she was unable to appear and the Magistrate Judge excused her. After hearing the parties' arguments, the Court denied Defendant's motion for a change of venue and selection of a new panel. The record has been developed on this issue and Defendant can address this matter on appeal.

Additionally, while represented by counsel, Defendant filed numerous *pro se* motions including requests for grand jury transcripts and grand jury witness testimony. These *pro se* motions were not considered because Defendant was represented by counsel. [See DN 43, DN 92, DN 97, DN 144, DN 184]. Defendant now complains that throughout this case he has been represented by ineffective counsel who failed to adequately investigate his grand jury composition claims despite the fact that counsel acknowledged that he was well aware of the racial disparity in Bowling Green. [DN 206]. This argument is more appropriately addressed in a § 2255 motion instead of a motion for new trial. See 28 U.S.C. § 2255.

For these reasons, **IT IS HEREBY ORDERED** that Defendant's motions for release of information on the grand and petit juries and for dismissal of the indictment due to grand jury composition pursuant to 28 U.S.C. § 1867  [DN 200, DN 206] are **denied**.

cc: counsel of record
    Richard Allen Washam