UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CRIMINAL ACTION NO. 1:03CR-43-M

UNITED STATES OF AMERICA                                        PLAINTIFF

V.

RICHARD ALLEN WASHAM                                            DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Defendant, Richard Allen Washam, *pro se,* seeking the Court's recusal in this action pursuant to 28 U.S.C. §§ 144 and 455 [DN 237]. The United States has filed a response [DN 255]. Fully briefed, this matter is ripe for decision.

**DEFENDANT'S GROUNDS FOR RECUSAL**

Defendant seeks recusal under 28 U.S.C. §§ 144 and 455(a). Defendant asserts that recusal is warranted because the undersigned has exhibited "personal bias and [an] enormous amount of personal prejudice" in statements and decisions. Specifically, Defendant maintains that the undersigned displayed bias and personal prejudice toward the Defendant because (1) the Defendant was denied the right to confront his accuser at the suppression hearing conducted on December 2004; (2) the undersigned permitted the admission of the weapon used in the Florence, Kentucky, bank robbery pursuant to Fed. R. Evid. 404(b); (3) the undersigned permitted the filing of the Government's supplemental pre-trial memorandum of which the Defendant never received a copy; (4) the undersigned permitted

the admission of witnesses' testimony regarding the Florence, Kentucky, bank robbery pursuant to Fed. R. Evid. 404(b); (5) the undersigned permitted the "highly suggestive" photo array to be introduced at trial; (6) the undersigned permitted the testimony of Special Agent Warner concerning a statement given by the Defendant at the time of his arrest in the Florence, Kentucky, case; (7) the undersigned permitted a potential panel of 40 or more all white jurors to be seated; (8) the undersigned permitted numerous incidents of prosecutorial misconduct including, but not limited to, the prosecutor's opening statement to the jury, his closing statement, his request for the Defendant to "stand up and smile," and his withholding of exculpatory evidence; (9) the undersigned failed to charge the jury on Fed. R. Evid. 404(b) before the opening of the Government's case and failed to give proper instructions on the proper use of Rule 404(b) at the close of the case; (10) the undersigned permitted Juror No. 37 to remain seated on the panel while his wife remained in the courtroom throughout the proceedings; (11) the undersigned failed to give proper instructions on cross-racial identification; (12) the undersigned denied Defendant his First Amendment rights to speak on the record or counsel to read a statement into the record and then made certain objectionable comments; and (13) the undersigned denied Defendant's post-trial Motion for Release of Information on the Grand Jury and Petit Juries and Defendant's post-trial Motion for Supplies.

## DISCUSSION

Title 28 U.S.C. § 144 provides that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter

is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." Although § 144 on its face appears to require automatic disqualification once a motion and affidavit are filed, it is proper for the challenged judge to rule on the motion for recusal to determine whether it is legally sufficient. Marshall v. Yates, 2007 WL 471166, *1 (W.D. Ky. Feb. 7, 2007). See also United States v. Beasley, 2006 WL 3511146, *2 (E.D. Tenn. Dec. 4, 2006). Courts interpreting this recusal statute have consistently held that an affidavit of bias filed under § 144 must allege facts that would indicate to a reasonable person that the named judge has a personal bias against the moving party. General Aviation, Inc. v. Cessna Aircraft Co., 915 F.2d 1038, 1043 (6th Cir. 1990). "The requisite showing of prejudice in this context may not be made by pointing to allegedly erroneous or atypical judicial rulings." United States v. Anderson, 84 Fed. Appx. 513, 516 (6th Cir. Dec. 4, 2003)(citing Traficant v. C.I.R., 884 F.2d 258, 267 (6th Cir. 1989)).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The Sixth Circuit has held that "[a] district judge is required to recuse himself 'only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" Wheeler v. Southland Corp., 875 F.2d 1246, 1251 (6th Cir. 1989)(quoting United States v. Story, 716 F.2d 1088, 1091 (6th Cir. 1983)). "This standard is *objective* and is not based 'on the subjective view of a party.'" Id. (quoting Browning v. Foltz, 837 F.2d 276, 279 (6th Cir. 1988), cert. denied, 488 U.S. 1018 (1989)). This inquiry is "made from

the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." Microsoft Corp. v. United States, 530 U.S. 1301, 121 S.Ct. 25, 26 (2000)(Chief Justice Rehnquist).

Generally, recusal under either statute is not required because a party is dissatisfied with a court's ruling. "The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." United States v. Grinnell Corp., 384 U.S. 563, 583(1966); Vintilla v. Safeco Ins. Co., 2005 WL 1657056 (N.D. Ohio 2005). See also Youn v. Track, Inc., 324 F.3d 409, 423 (6th Cir. 2003). "[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." Liteky v. United States, 510 U.S. 540, 555 (1994). Additionally, "[t]he mere fact that a judge has made an adverse ruling to a particular party during the course of the present judicial proceedings does not establish bias or prejudice on the part of a judge." Vintilla, 2005 WL 1657056, *1 (citing Berger v. United States, 255 U.S. 22, 31 (1921)). Courts have consistently recognized "that a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995); United States v. Greenspan, 26 F.3d 1001, 1005 (10th Cir. 1994).

As discussed above, it is proper for the challenged judge to rule on a motion for recusal brought under either 28 U.S.C. §§ 144 or 455. Marshall, 2007 WL 471166, *1. Defendant Washam has not shown a proper basis for recusal under either statute.

4

Defendant's affidavit fails to allege any facts that would lead an objectively reasonable person to believe that the undersigned harbors any bias against the Defendant that is personal or stems from an extrajudicial source sufficient to warrant the undersigned's recusal.  See Liteky, 510 U.S. at 545-546; United States v. Beasley, 2006 WL 3511146, *4 (E.D. Tenn. Dec. 4, 2006).  Instead, the Defendant bases his motion entirely on the undersigned's rulings in this action or oral statements made during proceedings related to this action.  As noted above, judicial rulings do not constitute a valid basis for recusal.  Liteky, 510 U.S. at 555.  Thus, the Court finds that the Defendant's allegations do not support recusal.

## CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendant, Richard Allen Washam, seeking recusal of the undersigned [DN237] is **denied**.

cc: counsel of record
    Richard Allen Washam, *pro se*