**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**CRIMINAL ACTION NO. 1:03CR-43-M**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**V.**

**RICHARD ALLEN WASHAM**                                    **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Defendant, Richard Allen Washam,

*pro se,* for inspection of the grand jury wheel in accordance with 28 U.S.C. § 1867 [DN 196].

Defendant argues that he has an unqualified right to inspect, reproduce, and copy the grand

jury master list to determine if there is a factual basis for a motion to challenge the jury

selection procedures.

The Jury Selection and Service Act of 1968 ("JSSA"), 28 U.S.C. § 1861, et seq.,

guarantees "the right to grand and petit juries selected at random from a fair cross section of

the community in the district or division wherein the court convenes.'" United States v.

Fantroy, 146 Fed. Appx. 808, 813 (6th Cir. August 30, 2005) (quoting 28 U.S.C. § 1861;

United States v. Ovalle, 136 F.3d 1092, 1099 (6th Cir. 1998)).  The JSSA provides that

"before the voir dire examination begins, or within seven days after the defendant discovered

or could have discovered, by the exercise of diligence, the grounds therefor, whichever is

earlier, the defendant may move to dismiss the indictment or stay the proceedings against

him on the ground of substantial failure to comply with the provisions of this title in selecting

the grand or petit jury." 28 U.S.C. § 1867(a).  The statute further provides that § 1867 is the

exclusive means by which a defendant may raise such a challenge.  28 U.S.C. § 1867(e);

United States v. Johnson, 40 Fed. Appx. 93 (6th Cir. June 27, 2002).

The Court has denied similar motions by Defendant requesting release of information

on the grand and petit juries in accordance with 28 U.S.C. § 1867 and for dismissal of the

indictment due to grand jury composition.  As previously noted by the Court, any claims

under the JSSA made by the Defendant at this stage of the case is beyond the time limitations

contained in the statute, and therefore, would be time-barred.  Defendant's § 1867 motions,

including the present one, were filed five months after his jury trial.

For these reasons, **IT IS HEREBY ORDERED** that Defendant's motion for

inspection of the grand jury wheel pursuant to 28 U.S.C. § 1867  [DN 196] is **denied**.

cc: counsel of record
    Richard Allen Washam, *pro se*