UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CRIMINAL ACTION NO. 1:03CR-43-M

UNITED STATES OF AMERICA                                                              PLAINTIFF

V.

RICHARD ALLEN WASHAM                                                                 DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Defendant, Richard Allen Washam, *pro se*, for unlimited access to the law library [DN 199] and on a motion by Defendant for reconsideration of the Court's Order on the use of the library [DN 245].  The United States has responded [DN 221, DN 254].  Fully briefed, this matter is ripe for decision.

Defendant seeks unlimited access to the Grayson County Detention Center's law library.  Additionally, in Defendant's "Opposition Motion to Order Denying Unlimited Access to Grayson County Law Library," Defendant claims that jail officials have limited his association with other *pro se* litigants at the jail which he claims constitutes a violation of his constitutional rights.

It is well established that jail regulations "which reasonably limit the times, places, and manner in which inmates may engage in legal research and preparation of legal papers" do not violate any constitutionally protected right to access to the courts.  Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir. 1985).  The Grayson County Detention Center is not required to provide unlimited access to the law library, even for *pro se* inmates.  See also United

States v. Walker, 129 F.3d 1266, 1997 WL 720385, *4 (6th Cir. Nov. 10, 1997)(citing United States v. Sammons, 918 F.2d 592, 602 (6th Cir. 1990); Degrate v. Godwin, 84 F.3d 768, 769 (5th Cir. 1996)); United States v. Peck, 62 Fed. Appx. 561, 566 (6th Cir. 2003).  In a status report filed by Grayson County Detention Center, Deputy Jailer Jason Woosley states that the Detention Center has restricted Defendant Washam's attendance to certain days instead of every day due to Washam's failing to follow law library rules.  However, Deputy Woosley represents that Defendant Washam "is actually attending more now than he was before changing to just attending certain days." [DN 217].  Finally, the Defendant has presented no case law indicating that he has the right to talk to other *pro se* litigants at the jail during his library time.

For these reasons, **IT IS HEREBY ORDERED** that the motion by Defendant for unlimited access to the law library [DN 199] and the motion by Defendant for reconsideration of the Court's Order on the use of the library [DN 245] are **denied**.


cc: Richard Allen Washam, *pro se*
    counsel of record