UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CRIMINAL ACTION NO. 1:03CR-43-M

UNITED STATES OF AMERICA                                                            PLAINTIFF

V.

RICHARD ALLEN WASHAM                                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, Richard Allen Washam, *pro se,* to dismiss the Indictment for lack of proper jurisdiction [DN 201]. Fully briefed, this matter is ripe for decision.

First, the Defendant claims that the Indictment fails to show "factual sufficiency that Richard Allen Washam committed an offense to the laws of the United States and within the geographical boundaries of the federal district court of Western District of Kentucky." (Motion at 2.) Contrary to Defendant's argument, the Indictment clearly states that the charged crimes occurred in Western District of Kentucky, Warren County, Kentucky, and constitute violations of 18 U.S.C. §§ 2113(a), 2113(d), 924(c)(1)(A), 922(g)(1), and 924(a)(2) which are federal statutes enacted by Congress. Pursuant to 28 U.S.C. § 97, Warren County is in the Western District of Kentucky.

Second, the Defendant argues that the Court should dismiss the Indictment because the Assistant United States Attorney, Larry Fentress, is "not lawfully licensed to practice law in any constitutional court of the United States." (Motion at 5.) The AUSA has represented

that he was admitted to the Kentucky Bar Association in 1979 and licensed to practice in the United States District Court for the Western District of Kentucky on December 4, 1980.

Finally, the Defendant argues in his Reply that the Indictment should be dismissed because it clearly states the "United States of America" as the plaintiff and "this being the case then, the alleged crime would have had to occur in either a territory or possession of the United States . . . namely the District of Columbia, or the Commonwealth of Puerto Rico, and or the Virgin Islands." (Reply at 4-5.) This argument lacks merit. Pursuant to 18 U.S.C. § 3231, "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Similarly, Fed. R. Crim. P. 18 provides that the "government must prosecute an offense in a district where the offense was committed." See also 18 U.S.C. § 3232. As discussed above, the charges brought against the Defendant were all offenses against the laws of the United States and the Defendant was properly prosecuted in the Western District of Kentucky, Bowling Green Division because the crimes occurred in Warren County, Kentucky.

For these reasons, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss the Indictment for lack of proper jurisdiction [DN 201] is **denied**.

cc: counsel of record
    Richard Allen Washam, *pro se*