UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CRIMINAL ACTION NO. 1:03CR-43-M

UNITED STATES OF AMERICA                                                                 PLAINTIFF

V.

RICHARD ALLEN WASHAM                                                                   DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Defendant, Richard Allen Washam, *pro se,* for a full transcript of the grand jury proceedings from October 8, 2003 [DN 202]. The Defendant moves for disclosure of grand jury transcripts claiming that Special Agent Edward Cundiff with the Federal Bureau of Investigations committed perjury when he testified before the grand jury. The Defendant contends that the Government was aware of the alleged perjury and argues that the full grand jury transcript related to his case is necessary to prove his allegations of prosecutorial misconduct and constitutional violation and to support the dismissal of the Indictment. Fully briefed, this matter is ripe for decision.

"There is a strong policy in favor of maintaining the secrecy of grand jury proceedings." United States v. Azad, 809 F.2d 291, 295 (6th Cir.), cert. denied, 481 U.S. 1004 (1987); see also Fed. R. Crim. P. 6(e). Transcripts are subject to this general rule of secrecy and may not ordinarily be disclosed. "Disclosure is proper only on a showing of 'compelling necessity' and 'particularized need.'" Azad, 809 F.2d at 295. See also United States v. Smith, 2004 WL 784521 (W.D. Tenn. January 26, 2004); United States v. Proctor and Gamble Co., 356 U.S. 677, 681 (1958). It is within the trial judge's discretion whether

to grant or deny requests for the disclosure of grand jury proceedings. Smith, 2004 WL 784521, *2 (citing United States v. Levinson, 405 F.2d 971, 981 (6th Cir.1968)).

Defendant Washam "has failed to show a particularized need for grand jury transcripts that outweighs the policy of secrecy." United States v. Johnston, 2006 WL 276937, * 3 (D. Ariz. February 3, 2006). Defendant requests a full copy of the grand jury proceedings for October 8, 2003, based on the alleged perjury of Agent Cundiff. However, a review of the record reveals that the Defendant was provided a copy of Agent Cundiff's grand jury testimony at trial. (Defendant's Motion to Dismiss the Indictment with Prejudice due to Perjured Grand Jury Testimony [DN 203, Exhibit 5B].) Furthermore, with respect to his request for the remaining grand jury testimony, the Defendant merely argues that a copy of the entire grand jury proceeding is necessary to prove his allegations of prosecutorial misconduct and constitutional violation. This argument is insufficient to obtain the disclosure of the grand jury transcripts under Rule 6(e). "A 'generalized desire' to inspect the grand jury transcripts in the hopes that evidence beneficial to the defendant will be discovered does not satisfy the particularized need requirement." Smith, 2004 WL 784521, *2. For these reasons, the motion by the Defendant for production of the full grand jury transcript [DN 202] is **denied**.

cc: Richard Allen Washam, *pro se*
    counsel of record