UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CRIMINAL ACTION NO. 1:03CR-43-M

UNITED STATES OF AMERICA                                                                    PLAINTIFF

V.

RICHARD ALLEN WASHAM                                                                    DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Defendant, Richard Allen Washam, *pro se,* to dismiss the Indictment with prejudice due to perjured grand jury testimony and selective, vindictive, malicious, prosecutorial misconduct [DN 203]. Fully briefed, this matter is ripe for decision.

First, Defendant claims that the prosecutor failed to present exculpatory evidence to the grand jury. Specifically, Defendant alleges that the prosecutor "willfully, intentionally, withheld exculpatory evidence from the grand jury, not allowing the police reports, witness statements, FBI 302s to be reviewed, because they would negate defendant's guilt." (Motion at 4.) Defendant contends that the varying descriptions of the robbery suspect by the witnesses should have been revealed to the grand jury panel. Contrary to the argument of the Defendant, the prosecution is not required to present exculpatory evidence to the grand jury. United States v. Williams, 504 U.S. 36, 47 (1992); United States v. Angel, 355 F.3d 462, 475 (6th Cir.), cert. denied, 543 U.S. 867 (2004). The Government correctly points out that the teller descriptions were provided to defense counsel during discovery and were used

by counsel at trial in cross-examining the teller-witnesses. The fact that they were not submitted to the grand jury does not provide grounds to dismiss the Indictment. Finally, any alleged error in the Court's decision to permit the introduction of the photo array and pretrial identification is more appropriately made by the Defendant on appeal.

Second, Defendant argues that the Court should dismiss the Indictment because it was procured with the perjured testimony of FBI Agent Ed Cundiff. Defendant claims that Agent Cundiff committed perjury by testifying before the grand jury that there was photographs of Defendant at a neighboring bank. Defendant argues that nothing in the record supports this allegation, including fingerprints or physical evidence. Contrary to Defendant's assertions, Heather Fulcher, an employee at Integra Bank, testified at trial that on March 26, 2003, the same day as the US Bank was robbed, she gave Defendant Washam a $50 bill for 50 one dollar bills. At trial, Ms. Fulcher identified the photographs taken at Integra Bank and the photo array presented to her in which she identified the Defendant. Clearly, Agent Cundiff did not present false testimony regarding this evidence.

Defendant also claims that Agent Cundiff committed perjury before the grand jury when he testified that Defendant had sold the getaway car "the day after" the second robbery. At trial, Agent Cundiff testified that Defendant had sold the car "very soon" after the second robbery. Testimony at trial revealed that one of the bank robberies occurred on April 24, 2003. According to Daniel Dishman, Defendant Washam placed his 1990 Mazda for sale during the "April 20s." Dishman testified that he purchased the vehicle by making installment payments until June of 2003. Additionally, the vehicle used by Defendant for a

getaway car after the Florence, Kentucky robbery had been purchased by Washam on April 25, 2003, the day after the second robbery in Bowling Green. While there is a slight discrepancy in Agent Cundiff's grand jury testimony and his trial testimony regarding the sale of the Mazda, the Court concludes that Agent Cundiff clearly did not commit perjury. Nor does the slight discrepancy warrant dismissal of the indictment. Furthermore, if any error occurred, the petit jury's verdict of guilty renders the alleged defect in the Indictment harmless. See United States v. Mechanik, 475 U.S. 66, 73 (1986); United States v. Crider, 2006 WL 1851251, * 5 (E.D. Mich. June 30, 2006).

Third, Defendant asserts that the prosecutor engaged in prosecutorial misconduct by charging the Defendant with both bank robbery and armed bank robbery. Defendant contends that the charges were multiplicious. Defendant presents no evidence to support dismissal of the Indictment based upon a decision to seek an Indictment for both bank robbery and armed bank robbery. In fact, at trial, upon agreement of the parties, the Court dismissed Counts 1 and 5 (bank robbery) and instead instructed the jury on bank robbery as the lesser included offense of armed bank robbery. (Trial Transcript Vol. I at 27.)

Finally, Defendant alleges that the prosecutor violated the Defendant's right to a speedy trial, he made prejudicial and inflammatory statements in his opening and closing statements at trial, he violated the rules of discovery, and he violated the rules of evidence regarding the admission of a firearm into evidence. These issues are immaterial to a motion to dismiss the Indictment and are more appropriately addressed on appeal.

For these reasons, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss

the Indictment with prejudice due to perjured grand jury testimony and selective, vindictive, malicious, prosecutorial misconduct [DN 203] is **denied**.

cc: counsel of record
    Richard Allen Washam, *pro se*