UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**CRIMINAL ACTION NO. 1:03CR-43-M**

**UNITED STATES OF AMERICA**                                                               **PLAINTIFF**

**V.**

**RICHARD ALLEN WASHAM**                                                      **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Defendant, Richard Allen Washam, *pro se,* for a subpoena duces tecum [DN 198] and a supplemental motion for subpoena duces tecum [DN 238]. Fully briefed, this matter is ripe for decision.

Defendant requests the Court to enter an order for production of documents from the Monticello Police Chief. Specifically, Defendant seeks a copy of a police report and any follow-up reports related to a .22 caliber handgun reported stolen in May of 2003 from the Bell Subdivision in Monticello, Kentucky. According to the Defendant, he was questioned regarding the .22 caliber handgun by a police officer. After the officer left, Defendant maintains that he was approached by an unnamed individual, asked if he wanted to purchase this weapon, and then agreed to purchase the weapon. According to the Defendant, that weapon was then found in his vehicle after his arrest for the June 2003 Florence, Kentucky, bank robbery.

Defendant argues that the United States claimed at trial that the weapon found in connection to the June 2003, Florence, Kentucky, bank robbery was the same weapon used

in the March and April 2003, Bowling Green, Kentucky, bank robberies. Defendant seeks to rebut this assertion in his motion for new trial. Defendant contends that the police report will confirm that the gun found in his vehicle after the June 2003 robbery could not have been the gun used in the March and April 2003 bank robberies because he did not purchase the gun in question until May of 2003 from an unidentified man. Defendant asserts that this is newly discovered evidence and the police report is of such value that it "would probably change the results if a new trial were granted."

After reviewing the record and the arguments of the Defendant, the Court denies Defendant's request for a subpoena duces tecum for production of the police report. To prevail on a motion for a new trial based on newly discovered evidence pursuant to Fed. R. Crim. P. 33 of the Federal Rules of Criminal Procedure, a defendant must establish: "'(1) the new evidence was discovered after the trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely produce an acquittal.'" United States v. Blackwell, 459 F.3d 739, 768 (6th Cir. 2006), cert. denied, 127 S.Ct. 1336 (2007)(quoting United States v. Glover, 21 F.3d 133, 138 (6th Cir. 1994)). From the facts recited by Defendant, it is clear the police report regarding the stolen .22 caliber gun could have been discovered prior to trial. Therefore, production of the police report would not support a new trial under Rule 33.

Furthermore, even assuming Defendant's representations with respect to the purchase of the firearm is true, such evidence would not likely produce an acquittal. In order to

2

convict the Defendant of armed bank robbery, the jury did not have to believe the gun retrieved from Defendant's vehicle was the actual gun used in the March and April 2003 bank robberies. Instead, the jury was required to find beyond a reasonable doubt that the defendant "assaulted another by use of a dangerous weapon while taking the money." The evidence presented at trial supports such a finding. For example, the bank employees who identified Defendant from the March and April 2003 bank robberies testified that the Defendant used a gun in the commission of the crime. Additionally, a bank teller testified that the gun retrieved from Defendant's vehicle in June of 2003 looked like the one used in the April 2003 bank robbery. The witness did not testify that the gun retrieved in June from Washam's vehicle was the actual gun used in the April bank robbery. Therefore, production of the police report would not support a new trial under Rule 33.

For these reasons, Defendant's motions for a subpoena duces tecum for production of the police report [DN 198, DN 238] are **denied**.


cc:   Richard Allen Washam, *pro se*
      counsel of record