## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

**CRIMINAL ACTION NO. 1:03CR-43-M**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**VS.**

**RICHARD ALLEN WASHAM**                                    **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, Richard Allen Washam, *pro se*, for appointment of counsel [DN 291].

### Background

Defendant was indicted on October 8, 2003.  Hon. Patrick Bouldin with the Federal Defender's office was appointed as his counsel.  In August of 2004, Defendant moved to substitute counsel.  The Court granted the motion and appointed Hon. Joseph Kirwan to represent him.  In May of 2005, Defendant once again moved to substitute counsel.  The Court granted this motion and appointed Hon. James Earhart to serve as counsel for the Defendant.  Defendant's motions to substitute his first two court-appointed attorneys caused substantial delay in the trial of this matter.  In August of 2006, this matter finally proceeded to trial.  During the trial, the Defendant again expressed his dissatisfaction with counsel.

In September of 2006, Defendant filed another motion to dismiss counsel and for appointment of new counsel.  In October of 2006, after an extensive hearing, Magistrate Judge E. Robert Goebel denied Defendant's motion finding that he failed to demonstrate

"good cause" or "justifiable dissatisfaction" with Mr. Earhart's representation.  This Court subsequently denied Defendant's objections to the Magistrate's Order.  In November of 2006, Defendant requested to remove Mr. Earhart as counsel and proceed *pro se*.  On December 14, 2006, the Court conducted a <u>Faretta</u> hearing, concluded that Defendant knowingly and voluntarily waived his right to counsel, and granted his motion to proceed *pro se*.  Defendant's dismissal of Mr. Earhart and waiver of his right to counsel caused substantial delay in the filing of his motion for new trial and in final sentencing.

On July 23, 2007, Defendant filed this current motion for appointment of counsel.  As grounds for appointment of his fourth counsel in this matter, Defendant cites his inability "to afford to continue [due to] the price of paper, pens and postal fee's required to effectively litigate this action."

## Discussion

Defendant's current motion for appointment of counsel is not well taken. The Sixth Amendment provides, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI.  However, the Sixth Amendment right to counsel "'does not guarantee that a criminal defendant will be represented by a particular attorney.'" <u>United States v. Green</u>, 388 F.3d 918, 921 (6th Cir. 2004)(quoting <u>Caplin & Drysdale v. United States</u>, 491 U.S. 617, 624 (1989)).  As the Sixth Circuit has recognized, "'the important right to counsel of choice is not absolute; it must be balanced against the court's authority to control its own docket, and a court must beware that a demand for counsel may be utilized as a way to delay proceedings or trifle with the court

. . . .'"  Green, 388 F.3d at 921 (United States v. Krzyske, 836 F.2d 1013, 1017 (6th

Cir.1988)(citations omitted)).  Further, a "persistent, unreasonable demand for dismissal of

counsel and appointment of new counsel . . . is the functional equivalent of a valid waiver

of counsel." Green, 388 F.3d at 921-922 (citation omitted)(The defendant dismissed three

attorneys and then demanded new counsel be appointed for his sentencing.  The Sixth Circuit

held that the district court did not abuse its discretion in denying defendant's motion for

appointment of counsel.).  See also United States v. Henderson, 1999 WL 313842 (6th Cir.

May 3, 1999).

     In the present case, Defendant's continued dissatisfaction and dismissal of appointed

counsel repeatedly delayed the trial and sentencing in this matter.  Given the history of

Defendant's requests and the timing of those requests, the Court concludes that the

Defendant has repeatedly utilized the motions to substitute counsel as a mechanism for delay.

The Court finds that Defendant's persistent, unreasonable demand for dismissal of counsel

and appointment of new counsel functions as a valid waiver of his Sixth Amendment right

to counsel.  The Defendant was warned at the Faretta hearing of the perils of electing to

proceed *pro se*.  Despite those warnings, the Defendant knowingly and voluntarily waived

his right to appointed counsel.  After considering Defendant's reason for his current request

to appoint counsel, the timing of his request, and judicial economy, the Court denies

Defendant's request for a fourth attorney to represent him.

     For these reasons, **IT IS HEREBY ORDERED** that the motion by Defendant for the

appointment of counsel [DN 291] is **denied.**

cc: Richard Allen Washam, *pro se*
     counsel of record